I hereby certify that this document was faxed to all counsel (or parties) at their respective, most recent fax number of record, in this action, on this date.

DATED 9-19-03

DEPUTY CLERK

ORIGINAL

✓ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 03-6639-GHK(SHx)     **Date:** September 19, 2003

**Title:** Federation Internationale de Football Association v. Various John Does, Jane Does and ABC Companies

================================================================
**DOCKET ENTRY**
================================================================

**PRESENT:** Hon. <u>George H. King</u>, United States District Judge

Beatrice Herrera          None Present
Deputy Clerk              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFF:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

None Present                            None Present

**PROCEEDINGS:** Plaintiff's Application for Temporary Restraining Order; Search and Seizure Impoundment Order; and Order to Show Cause Regarding a Preliminary Injunction



ENTERED ON ICMS
SEP 19 2003

    This is an *ex parte* application by Plaintiff Federation Internationale de Football Association ("FIFA") for a Temporary Restraining Order and Search and Seizure Impoundment Order against various unknown Defendants. Plaintiff's application alleges that Defendants are individuals and companies that manufacture, distribute, sell and/or offer for sale goods, products and merchandise that infringe on Plaintiff's copyrights and trademarks. Plaintiff seeks the TRO to enjoin Defendants from infringing upon its' copyrights and trademarks at the upcoming FIFA Women's World Cup soccer games to be played on September 21st and 25th, and October 11th and 12th, 2003, at the Home Depot Center in Carson, California.

    Plaintiff's application is **denied** for the following reasons:

    1. While the Court understands Plaintiff's difficulty in identifying the names and addresses of the unknown Defendants in the context of unauthorized counterfeiting at sporting events, the Court is concerned that Plaintiff has failed to provide any

specific evidence that identifies who these individuals might be. Moreover, Plaintiff has not provided any indication of the measures that it has taken to attempt to identify these individuals, and why these measures have been unsuccessful. Although Plaintiff alleges that substantial counterfeiting activity occurred at the prior FIFA Women's World Cup event held in Pasadena in 1999, this event occurred four years ago, and Plaintiff has not provided any evidence suggesting that the same individuals who participated in counterfeiting at that event might do so again at this year's event. Thus, in light of the fact that Defendants are not only unknown but also unidentifiable, Plaintiff is not entitled to the extraordinary relief it seeks.

    2. Because the complaint does not allege that any particular Defendant has acted in any specific way to infringe upon Plaintiff's rights, we conclude that there is no justiciable case and controversy at this time. As the Southern District of Florida noted in a similar situation, "[s]erious justiciability problems arise from the facts that Defendants cannot possibly be here to defend their position, Defendants at this time have not committed any injurious act, and Defendants, for all the Court knows, may never have committed any similar injurious acts in the past." Plant v. Does, 19 F.Supp.2d 1316, 1321 (S.D. Fla. 1998); see also Rock Tours, Ltd., v. Various John Does, 507 F.Supp. 63, 66 (S.D. Ala. 1981)(finding action for ex parte injunction against unnamed defendants to be non-justiciable). Thus, Plaintiff's applications are **DENIED**.[1]

---

[1] The Court is also concerned with the timeliness of Plaintiff's application. As the location of the soccer games to be held at the Home Depot Center appears to have been determined well in advance of the events, Plaintiff likely had sufficient opportunity to file an action in a more timely manner. In addition, inasmuch as Plaintiff filed an ex parte application less than one week prior to the first soccer game, the Court would have expected Plaintiff to reference the several published United States District Court opinions that discuss the propriety of issuing a TRO against unnamed defendants in the context of bootlegging at entertainment events. As this case presents a substantial issue of justiciability, the Court would have welcomed Plaintiff's analysis.

2

3. The Court recognizes that, given the circumstances, Plaintiff may be in a difficult situation. However, because there are five scheduled soccer matches at the Home Depot Center over a period of the next several weeks, Plaintiff will have ample opportunity to investigate this matter to learn the identities, or at least some identifying characteristics, of the Defendants. This situation is unlike instances where the infringing activities occur at events that are separated by a substantial period of time, as in an annual event like the Super Bowl, such that it would be difficult for a plaintiff to gather identifying information about the defendants, and then use this information to obtain an injunction that can be served before the defendants scatter until the following year. Plaintiff here can ascertain the needed information on the first day of the event and return to the Court with an amended complaint that sets forth concrete allegations against particularized defendants. In that event, the Court will re-consider whether Plaintiff is entitled to any injunctive or other relief in light of the additional showing.

Accordingly, Plaintiff's application for a temporary restraining order is **DENIED** at this time.

IT IS SO ORDERED.

**MINUTES FORM 11**
**CIVIL-GEN**                                   Initials of Deputy Clerk